**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

JOSHUA MICHAEL GRAHAM,     :
                              :   **CIV. NO. 19-6757 (RMB-KMW)**
            Plaintiff    :
   v.                       :         **OPINION**
                               :
S.L.E.O. MARK ROWE,       :
VINELAND POLICE DEPT.,    :
AND VINELAND MUNICIPAL COURT, :
                               :
           Defendants   :

**BUMB**, DISTRICT JUDGE

Plaintiff Joshua Michael Graham, incarcerated in South Woods State Prison, filed a civil rights complaint on February 25, 2019. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), which provides, in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

complaint or notice of appeal, obtained from
the appropriate official of each prison at
which the prisoner is or was confined.

The trust account statement that Plaintiff provided from
South Woods State Prison is not certified by the appropriate prison
official and covers only the dates January 16, 2019 through
February 19, 2019. (ECF No. 1-1 at 8-10.) The statute requires a
certified trust account statement for a six-month period from each
prison where the prisoner was confined in that six-month period.
Therefore, the Court will deny Plaintiff's IFP application without
prejudice and administratively terminate this action.[1]

Plaintiff may reopen this action if he timely submits a
properly completed IFP application or pays $400.00 for the filing
and administrative fees. Plaintiff should be aware that a grant of
IFP status still requires payment of the $350.00 filing fee in

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a)
provides:

Except as otherwise directed by the Court, the
Clerk shall not be required to enter any suit,
file any paper, issue any process or render
any other service for which a fee is
prescribed by statute or by the Judicial
Conference of the United States, nor shall the
Marshal be required to serve the same or
perform any service, unless the fee therefor
is paid in advance. The Clerk shall receive
any such papers in accordance with L.Civ.R.
5.1(f).

installments, if available in the prisoner's trust account. <u>See</u> U.S.C. § 1915(b)(1).

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] For the reasons discussed below, upon conclusive screening of the complaint, the Court would dismiss the Vineland Police Department and Vineland Municipal Court as defendants from this action.

I.    *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. <u>See</u> <u>Izquierdo v. New Jersey</u>, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

4

conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

Plaintiff alleges the following facts in his complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). On March 21, 2017, Plaintiff was sitting in the back of Vineland Municipal Court when Special Law Enforcement Officer ("SLEO") Mark Rowe ("Officer Rowe") approached Plaintiff and told him to his remove his turban. (Compl., ECF No. 1, ¶6.) Plaintiff refused because he is a Muslim. (Id.) Officer Rowe asked Plaintiff to step out of the courtroom and Plaintiff complied. (Id.)

Officer Rowe was not wearing a body camera. (Compl., ECF No. 1, ¶6.) Officer Rowe punched Plaintiff, causing his turban to fall off. (Id.) There were no cameras in the room where this occurred. (Id.) Plaintiff tried to run out of the room and Officer Rowe tried to pull Plaintiff to the ground, but Rowe lost his footing. (Id.)

Plaintiff assumed he was under arrest, so he laid on the ground and Officer Rowe handcuffed him and continued to assault him, along with Officer James Sharpless. (Compl., ECF No. 1, ¶6.) Officer Rowe grabbed Plaintiff's throat and choked him. (Id.) Plaintiff could not breathe, so he lunged forward to get Officer Rowe's hand off his throat. (Id.) Officer Rowe responded by punching Plaintiff in the jaw. (Id.)

As Officers Rowe and Sharpless began to usher Plaintiff out, Rowe began to choke Plaintiff again until he cried, then stopped and choked him again. (Id.) Plaintiff was taken to a hospital for a sore jaw and stiff neck. (Id.) This occurred on "court surveillance." (Id.)

Plaintiff alleges Officer Rowe attacked him based on his religion and used excessive force against Plaintiff while he was handcuffed. (Compl., ECF No. 1, ¶4b.) Plaintiff alleges his arrest was unlawful because Officer Rowe was not wearing a body camera and the arrest was not recorded in a room with a camera. (Id.)

Plaintiff named as defendants the Vineland City Police Department and Vineland Municipal Court, as Officer Rowe's employers. (Id., ¶¶4c, d). Plaintiff makes the following allegation against the Vineland City Police Department:

> They put a special law enforcement officer in the court to authorize arrest without being fully equipped with a body camera. They also

trained the cop to arrest civilians. They did
nothing to the officer after I made Internal
Affair report. Authorize a cop to effect
arrest in an area with no cameras.

(Compl., ECF No. 1, ¶4c.)

Similarly, Plaintiff alleges the following against Vineland

Municipal Court:

They did not have a body camera on the cop. In
the room he initially took me in had no
cameras. The Municipal Court of Vineland hired
a copy to affect arrest without being full-
time and statutorily empowered to do so. Cop
was still on duty after I made Internal
Affairs Report. He still worked [at] the
Municipal Court. Allow the cop to take me in
unsurveillance room. The court should have had
all the rooms equipped with cameras.
Especially if the cop did not have one on but
was giv[en] the power to arrest.

(Id., ¶4d.)

B.   Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. §

1983 for violations of his constitutional rights. Section 1983

provides, in relevant part:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of
any State or Territory ... subjects, or causes
to be subjected, any citizen of the United
States or other person within the jurisdiction
thereof to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured in an action at law, suit in
equity, or other proper proceeding for
redress....

7

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

If Plaintiff submits a new IFP application with a certified trust account statement for the six-month period preceding his complaint and the court grants his IFP application, Plaintiff's Fourth Amendment excessive force claim and his First Amendment free exercise of religion claims against Officer Rowe may proceed.

The Vineland Police Department and the Vineland Municipal Court, however, are not "persons" within the meaning of 42 U.S.C. § 1983, and the Court would dismiss the § 1983 claims against them. A plaintiff may bring a § 1983 action against a local government body, such as the City of Vineland, if

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited

> pursuant to governmental "custom" even though
> such a custom has not received formal approval
> through the body's official decisionmaking
> channels.

Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658,

690-91 (1978). There is no constitutional right to be free from an

arrest that is not recorded by a camera or to be arrested by an

officer who is employed full-time.

### C. State Law Tort Claim

The Court also notes Plaintiff states that he submitted a

"tort" to the Department of Treasury in Trenton, New Jersey,

"within the time constraints." (Compl., ECF No. 1, ¶5.) Plaintiff,

however, has not pled a tort claim under N.J.S.A. 59:8-1 *et seq.*

against any defendant. If Plaintiff can cure any of these

deficiencies in his complaint, he may file an amended complaint.

### III. CONCLUSION

For the reasons stated above, the Court will administratively

terminate this action.

An appropriate Order follows.


DATE: July 10, 2019

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
